UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHERI Y. SMIHULA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of Social Security,<br><br>　　　　Defendant. | NO. CV 06-8239 AGR<br><br><br>MEMORANDUM OPINION AND ORDER |

　　　　Cheri Smihula filed this action on January 10, 2007. On March 13, 2007, the case was transferred to Magistrate Judge Alicia G. Rosenberg. Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before Magistrate Judge Rosenberg on March 15 and 22, 2007. On September 28, 2007, the parties filed a Joint Stipulation ("JS") that addressed the disputed issues. The Court has taken the matter under submission without oral argument.

　　　　Having reviewed the entire file, the Court affirms the Commissioner's decision.

///

///

///

**I.**

**PROCEDURAL BACKGROUND**

On November 13, 2000, Smihula filed an application for disability insurance benefits, which the Commissioner initially denied. A.R. 17. The Administrative Law Judge ("ALJ") conducted a hearing on November 20, 2002. A.R. 32-60. On March 20, 2003, the ALJ issued a decision denying benefits. A.R. 17-23. On July 3, 2003, the Appeals Council denied Smihula's request for review. A.R. 7-10. On October 9, 2003, Smihula filed applications for disability insurance benefits and for supplemental security income benefits, which the Commissioner denied. A.R. 379-81, 526-28, 535.

On June 3, 2004, the Honorable Stephen G. Larson entered judgment in United States District Court for the Central District of California Case No. 03-6465 SGL, remanding the matter pursuant to a stipulation between the parties. A.R. 549-51. The parties stipulated that on remand the ALJ would "clarify the residual functional capacity ('RFC'), ask a vocational expert ('VE') whether a job exists in significant numbers for a person with the RFC found, and ask the VE whether there is any conflict between the VE's testimony and the DOT, in accordance with Social Security Ruling 00-4p." A.R. 552-53.

The same ALJ conducted a hearing on October 12, 2005, at which Smihula and a vocational expert testified. A.R. 656-80. On October 27, 2005, the ALJ issued a decision denying benefits. A.R. 534-44. On December 4, 2006, the Appeals Council denied Smihula's request for review. A.R. 334-37.

This lawsuit followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to deny benefits. The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal

standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision. *Moncada*, 60 F.3d at 523.

## III.
## DISCUSSION

### A. Pertinent Legal Standards

#### 1. Definition of Disability

"A person qualifies as disabled, and thereby eligible for such benefits, only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003) (citation and internal quotation marks omitted).

### B. The ALJ's Findings

The ALJ found that Smihula had the following severe impairments: right knee degenerative joint disease, right tennis elbow, and depression. A.R. 543. Smihula had the residual functional capacity to "perform light exertion work consisting of simple and repetitive tasks, with stand and/or walk continuously up to an hour to 2 hours at a time for a total of 4-6 hours in an 8-hour workday; no prolonged weight bearing; sit for 6 hours total in an 8-hour workday; no climbing,

squatting, kneeling, crouching, crawling or pivoting; no continuous or strenuous right arm function; no frequent flexion and extension of the right wrist; no repetitive gripping with the right upper extremity; and no walking on uneven ground." A.R. 543. Based on her residual functional capacity, the ALJ found that Smihula could not perform her past relevant work. A.R. 543. However, she could perform other jobs, an example of which was counter clerk. A.R. 544.

### C.  Social Functioning Limitation

There are three types of physicians:  (1) treating physicians (who examine and treat), (2) examining physicians (who examine but don't treat), and (3) nonexamining physicians (who neither examine nor treat but only review records). *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (footnote omitted). "[M]ore weight should be given to the opinion of a treating source." *Id.*; *see also Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007).  "The opinion of an examining physician is, in turn, entitled to greater weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830 (citations omitted).  A "nonexamining doctor's opinion 'with nothing more' [does] not constitute substantial evidence." *Id.* at 831 (citation omitted).  Nor can the opinion of a nonexamining physician by itself "justif[y] the rejection of the opinion of either an examining physician or a treating physician." *Id.* (citations omitted).  A nonexamining physician's opinion "may serve as substantial evidence when . . . supported by other evidence in the record and . . . consistent with it." *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

Plaintiff's only challenge to the ALJ's decision is that he "failed to address the State agency physician's opinion that Ms. Smihula suffered from moderate difficulties in social functioning." JS 5.

On February 20, 2004, Marina Vea, a California agency psychiatrist and nonexamining physician, reviewed Smihula's records and completed a Consultation Request, a Psychiatric Review Technique ("PRT"), and a Mental

RFC. A.R. 465-82. On the one hand, Dr. Vea checked "moderate" for Smihula's limitation in social functioning on the PRT. A.R. 475. Although the ALJ referred to these records, he did not express an opinion of them. A.R. 540.

Even assuming Smihula is correct that the ALJ erred in not explaining the weight he gave to Vea's findings (*see* Social Security Ruling[1] ("SSR") 96-6p[2] (available at 1996 WL 374180)), any error is harmless. *Stout v. Commissioner*, 454 F.3d 1050, 1055 (9th Cir. 2005). "A decision of the ALJ will not be reversed for errors that are harmless." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). Dr. Vea's opinion does not constitute substantial evidence.[3] Therefore, even if fully credited, Dr. Vea's opinion would not have allowed a reasonable ALJ to reach a different disability determination.

Smihula does not contend that the ALJ failed to give specific and legitimate reasons for rejecting anything more than a mild limitation on social functioning. Thus, as a nonexamining physician, Dr. Vea's opinion cannot by itself constitute substantial evidence. *Lester*, 81 F.3d at 831. On June 2, 2001, Smihula was seen by psychiatrist Jasdeep Aulakh who diagnosed her with dysthymic disorder (mild depression) and mood disorder. Dr. Aulakh said that Smihula "may need additional support and supervision in the workplace." A.R. 262. The ALJ gave

---

[1] Social Security rulings do not have the force of law. Nevertheless, they "constitute Social Security Administration interpretations of the statute it administers and of its own regulations," and are given deference "unless they are plainly erroneous or inconsistent with the Act or regulations." *Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citation and footnotes omitted).

[2] SSR 96-6p states "Administrative law judges and the Appeals Council are not bound by findings made by State agency or other program physicians and psychologists, but they may not ignore these opinions and must explain the weight given to the opinions in their decisions."

[3] SSR 96-6p also states that "the opinions of State agency medical and psychological consultants and other program physicians and psychologists can be given weight only insofar as they are supported by evidence in the case record."

5

Dr. Aulakh's assessment the most weight,[4] but he rejected his limitations on supervision in the workplace because "they were made without justifiable explanation and prior to use of psychiatric medications, and they are not supported by the treatment records." A.R. 541.

From May of 2001 to July of 2005, Smihula went to the Antelope Valley Mental Health Center. A.R. 264-271, 324-332, 510-516, 566-604. In May and June 2001, nurse Sonia Z. Ambrosio assessed and reported on Smihula's functioning. Ambrosio diagnosed Smihula as having "depressive symptoms," "major depression recurrent severe," and "adjustment disorder." A.R. 268. Smihula reported that she "is not good with people" and "gets irritable" around others. A.R. 269. She was put into a support group and was able to react with her peers. A.R. 270. On November 19, 2002, Ambrosio completed a PRT. A.R. 315-323. She checked "marked" limitation in social functioning. A.R. 322. The ALJ rejected the PRT because (1) it was not from an acceptable medical source (*see* 20 C.F.R. § 404.1513(a) & (d)(1)); (2) Ambrosio's notes of Smihula's involvement in the mixed support group indicated that she participated well; (3) Smihula refused psychiatric medications until January 18, 2004; (4) Smihula said she only wanted to be in groups and individual psychotherapy; (5) Smihula reported an improved mood on May 19, 2004; (6) Smihula noted that Paxil and Depakote were helping her; and (7) "the limitations are grossly [in conflict] with the assessment and findings from Dr. Aulakh." A.R. 539-540.

Dr. Freedman completed a Mental Work Restriction Questionnaire on January 28, 2004, and an evaluation form on July 19, 2004. A.R. 518-524. He indicated that she had marked and severe limitations in maintaining attention, regular attendance, sustaining an ordinary routine, and working with other people. A.R. 518-19. The ALJ found Dr. Freedman's assessment "extreme" and gave it

---

[4] An examining physician's findings have greater weight than a non-examining physician's. *See Lester,* 81 F.3d at 830 (citations omitted).

6

no weight. A.R. 540. The ALJ said it was inconsistent with the other Antelope Valley notes, that there were no exams by Dr. Freedman, and the notes seemed to be based purely on Smihula's subjective complaints. He also said it was inconsistent with Dr. Krueger's assessment. A.R. 541. The ALJ also found that Smihula resisted psychiatric medications for 3 years (from 2001 to 2004), which meant that her problems could not be as severe as she claimed.[5] A.R. 541.

By contrast, there is substantial evidence in the record from various sources (Dr. Aulakh, Dr. Krueger, Dr. Collado) supporting the ALJ's conclusion that Smihula was only mildly limited in social functioning. On July 9, 2001, psychiatrist Josefina A. Collado completed a PRT. A.R. 272-85. She indicated that Smihula's social functioning was mildly limited. A.R. 282. She also completed a mental RFC. A.R. 286-89. Under the category "social interaction" she checked "not significantly limited." A.R. 287. On January 17, 2004, Dr. Harald Krueger conducted a psychiatric evaluation of Smihula. A.R. 448-53. He diagnosed her with depression and a "strong anxiety component." At the same time, he said she could "respond appropriately to coworkers, supervisors, and the public." A.R. 452. The opinion of Dr. Vea, a nonexamining physician, cannot by itself justify the rejection of an opinion of either a treating physician or examining physician. *Lester*, 81 F.3d at 831.

Although not necessary to this decision, the Court notes that Dr. Vea's own findings, on which Smihula relies, were internally contradictory. Although Dr. Vea reported that Smihula was moderately limited in social functioning in the PRT (A.R. 475), in the RFC she checked "not significantly limited" for all boxes under "Social Interaction." A.R. 458. For example, Dr. Vea checked the "not significantly limited" box for Smihula's "ability to interact appropriately with the

---

[5] *See Burch*, 400 F.3d at 681 (lack of consistent treatment and failure to seek treatment may be considered in assessing credibility as to severity of pain); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991) (en banc) (failure to follow prescribed course of treatment is a relevant factor in assessing credibility).

general public." According to the regulations cited by Smihula, "[s]ocial functioning in work situations may involve interactions with the public." JS 6 (citing to 20 C.F.R. part 404, subpart P, Appendix 1, Listing § 12.00(c)(2)). Dr. Vea also checked the "not significantly limited" box for Smihula's "ability to get along with coworkers or peers." Again, according to the regulations, "[s]ocial functioning in work situations may involve . . . cooperative behaviors involving coworkers." *Id.*; *see Andrews*, 53 F.3d at 1041 (nonexamining physician's opinion is not substantial evidence unless "supported by other evidence in the record and . . . consistent with it."). Finally, Dr. Vea's consultation notes agree with the ALJ's 2003 decision affirming no disability after finding that the ALJ rejected "marked limitations in social functioning," further compounding the internal contradiction in Dr. Vea's findings. A.R. 482, 480.

## IV.

## **ORDER**

IT IS HEREBY ORDERED that the Commissioner's decision is affirmed.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment herein on all parties or their counsel.

DATED: April 15, 2008

                                                          ALICIA G. ROSENBERG
                                                          United States Magistrate Judge